Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
Kimberly E. Lewellen - 243663
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for
DEFENDANT PROTOCOL RECOVERY SERVICES, INC., a Georgia corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUN FERMIN,<br><br>    Plaintiff,<br><br>v.<br><br>PROTOCOL RECOVERY SERVICES, INC., a Georgia Corporation; and RICHARD HAMILTON CERNY, individually and in his official capacity,<br><br>    Defendants. | Case No.: C07-05318 JF HRL<br><br>**DEFENDANT PROTOCOL RECOVERY SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*DEMAND FOR JURY TRIAL* |

DEFENDANT PROTOCOL RECOVERY SERVICES, INC., a Georgia corporation, hereby answers Plaintiff's complaint as follows:

1. As to Paragraph 1, Defendant admits that the statute cited states what is set forth in this paragraph.

2. As to Paragraph 2, Defendant admits that the statute cited states what is set forth in this paragraph.

3. As to Paragraph 3, Defendant admits jurisdiction of this Court arises under the stated statutes.

4. As to Paragraph 4, Defendant denies this allegation.

- 1 -

5.    As to Paragraph 5, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

6.    As to Paragraph 6, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

7.    As to Paragraph 7, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

8.    As to Paragraph 8, Defendant admits these allegations.

9.    As to Paragraph 9, Defendant admits Richard Cerny is a natural person, and as to the rest of the paragraph, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies these allegations.

10.    As to the first sentence of Paragraph 10, Defendant admits Plaintiff incurred the debt. As to the second sentence, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

11.    As to Paragraph 11, Defendant admits this allegation.

12.    As to Paragraph 12, Defendant admits this allegation.

13.    As to Paragraph 13, Defendant admits this allegation.

14.    As to Paragraph 14, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

15.    As to Paragraph 15, Defendant admits this allegation.

16.    As to Paragraph 16, Defendant neither admits nor denies this allegation.

17.    As to Paragraph 17, Defendant re-asserts the above responses.

18.    As to Paragraph 18, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

19.    As to Paragraph 19, Defendant admits this allegation.

20.    As to Paragraph 20, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

21.    As to Paragraph 21, Defendant has insufficient information or basis to admit or deny, and, therefore, Defendant denies this allegation.

22. As to Paragraph 22, Defendant denies the allegation in this paragraph in its entirety and every part therein.

23. As to Paragraph 23, Defendant denies this allegation.

24. As to Paragraph 24, Defendant denies this allegation.

25. Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

26. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

27. Defendant alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

28. Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

29. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

30. Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

31. Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

DEFENDANT PROTOCOL RECOVERY SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

32. Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and Civil Code § 1788.30(e), and /or the other defenses found in Civil Code § 1788.30.

**EIGHTH AFFIRMATIVE DEFENSE**

33. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the privilege embodied either in Civil Code § 47(c), or arising under federal and state common law.

**NINTH AFFIRMATIVE DEFENSE**

34. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the litigation privilege embodied either in California Civil Code § 47(b)(2) or under state and federal common law.

**TENTH AFFIRMATIVE DEFENSE**

35. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

36. Defendant alleges it is entitled to a setoff under Code of Civil Procedure § 431.70 against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding obligation.

**TWELFTH AFFIRMATIVE DEFENSE**

37. Defendant alleges that the representations or statements made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

38. Defendant alleges it acted lawfully and intended to take any and all action contemplated, as represented to Plaintiff, whether expressly allowed by contract or permitted by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

39. Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

40. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

41. Defendant alleges that any acts of this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

### SEVENTEENTH AFFIRMATIVE DEFENSE

42. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

43. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorney's fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

/ / /

/ / /

Dated: November 18, 2007

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By _____/s/ *Mark E. Ellis*_____
Mark E. Ellis
Attorney for
DEFENDANT PROTOCOL RECOVERY
SERVICES, INC., a Georgia corporation

DEFENDANT PROTOCOL RECOVERY SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Rosanne Estrella, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On November 18, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANT PROTOCOL RECOVERY SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

Ben E. Dupre  
1400 Coleman Avenue  
Suite D-12  
Santa Clara, CA 95050

Attorneys for  
Plaintiff JUN FERMIN

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 18, 2007.

By _____/s/ Rosanne Estrella_____  
Rosanne Estrella

DEFENDANT PROTOCOL RECOVERY SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT